**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH CESARE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PIMA COUNTY, et al., ) <br> ) <br> Defendants. ) <br> _____) | No. CIV 14-2514-TUC-CKJ(EJM) <br><br> **ORDER** |

On December 7, 2015, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 50) in which he recommended Counts Four, Six, Eight, Twelve, Thirteen, and Fourteen be dismissed for lack of standing, Count Ten be dismissed for lack of standing, but only as to the second and third duties, and Counts Six, Seven, Eight, Nine, Eleven, and Fifteen be dismissed for failure to state a claim. Magistrate Judge Markovich also recommends Count Ten, as to the first duty alleged and only on a theory of common law negligence, and Counts One, Two, and Three to go forward, as well as Count Five, which was not at issue in the Motion to Dismiss. The magistrate judge advised the parties that written objections to the Report and Recommendation ("R&R") were to be filed within fourteen days of service of a copy of the "R&R" pursuant to 28 U.S.C. § 636(b).

Plaintiffs have filed an Objection (Doc. 51) and Defendants have filed a response (Doc. 52).

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

*Failure to Respond*

Plaintiffs object to the Magistrate Judge's statements that they did not respond directly to Defendants' arguments. Plaintiffs assert Defendants made the same argument regarding standing multiple times as to separate claims. Plaintiffs assert that their response to this repetitive single argument was made under one heading, rather than repeating it again and again.

In their Motion to Dismiss, Defendants set forth the principles regarding standing of LLC members, then argued why each claim at issue lacked standing. In their response, Plaintiffs argued general principles in support of the assertion that standing exists, but did not argue standing as to each individual claim. Therefore, the Court agrees with the Magistrate Judge that Plaintiffs did not directly respond to Defendant's arguments as to specific claims. However, as such findings are not necessary for resolution of the issues, the Court finds such language superfluous and declines to adopt those findings of the "R&R."

*Factual Background*

Plaintiffs include a subsection entitled "Factual Background" under its "Objections" section. However, Plaintiffs do not appear to be objecting to the Factual and Procedural Background of the Report and Recommendation. Rather, they appear to be providing

additional facts for the Court's consideration.  As no objections to any particular facts have been made, the Court adopts the Factual and Procedural Background of the Report and Recommendation.

*Count Four:  Tortious Business Interference*

The Magistrate Judge recommended that Count Four, Tortious Business Interference, be dismissed for lack of standing because the injury asserted in this claim is the termination of the contract to purchase 572 lots at Star Valley by L.G.I., Inc. ("LGI"), which properly belongs to USH/SVA Star Valley, LLC ("LLC").  Plaintiffs assert the Magistrate Judge erred in his reasoning because the Magistrate Judge failed to acknowledge and address that Count Four is not only based on the termination of the LGI contract.  Rather, Plaintiffs also assert that Lennar Home Builders ("Lennar"), Plaintiffs' partner in the LLC, had threatened to terminate the partnership of the LLC, and to file suit against Plaintiffs Joseph Cesare ("Cesare") and S.VA. Corporation ("SVA").  Plaintiffs also assert the claim is based on tortious interference with Mr. Cesare's future business expectancies.

Defendants argue that, because Plaintiffs did not refer to these allegations in their response, they cannot now complain that it was not specifically discussed by the Magistrate Judge.  *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (overruled in part on other grounds).  Indeed, a "district judge has discretion to consider new evidence or legal arguments made only in the objections to the magistrate judge's report[.]" *United States v. Song Ja Cha*, 597 F.3d 995, 1003 n. 7 (9th Cir. 2010).  Additionally, the Court agrees with Defendants that every paragraph of a complaint need not be addressed in considering whether a motion to dismiss should be granted.  However, in its discretion, the Court finds it appropriate to consider this argument.

Defendants assert there is no basis to support Plaintiffs' assertion that the Magistrate Judge did not consider the allegations which were included in the First Amended Complaint. Defendants point out that Plaintiffs do not allege Lennar's threat to file suit ever materialized.

1  Further, Defendants argue that these assertions do not change the fact that the gravamen of
2  the claim continues to be the harm to the LLC regarding the sale of the Star Valley Lots.

3      Plaintiffs allege in Count Four of the First Amended Complaint:

4      220. Plaintiffs incorporate the allegations contained in the preceding paragraphs of this complaint.

5      221. Defendants' actions, allegations and insinuations have interfered with Plaintiffs' existing and prospective contractual relations, causing Plaintiffs harm.

    222. Defendants' wrongful conduct alleged in this complaint was aimed at Mr. Cesare personally, and the damage suffered by USH/SVA, as an entity, is collateral to the damage suffered by Mr. Cesare.

    223. Plaintiffs, through their entities, had an existing contractual relationship with LGI for the sale of 572 lots at Star Valley.

    224. Defendants were aware of this relationship.

    225. This contract was terminated by LGI when it discovered that Defendants are refusing to grant building permits at Star Valley, and are wrongfully instituting the abandonment and re-platting of Blocks 4, 7 and 8 of the Star Valley development, and when it heard Defendants' disparaging and false allegations and insinuations about Mr. Cesare.

    226. Mr. Cesare, in his personal capacity and through his business entities, also has a business expectancy of selling the remainder of the Star Valley development, including the lots that have not yet sold.

    227. Mr. Cesare has been a property developer in Pima County for over forty years.

    228. Mr. Cesare has a legitimate and reasonable expectancy that he and his business entities will continue to conduct the business of property developer in Pima County for at least another fifteen years.

    229. Mr. Cesare, through his business entities, earned substantial profits from his property development efforts in Pima County from 1975 to 2013.

    230. Because of the County's words and actions toward Mr. Cesare, including the County's falsehoods regarding Mr. Cesare's professional and business integrity, Mr. Cesare's business opportunities and expectancies have been dramatically reduced.

    231. Because of the County's words and actions towards Mr. Cesare, including the County's falsehoods regarding Mr. Cesare's professional and business integrity, business opportunities and expectancies that Mr. Cesare could reasonably have expected to realize in the future (based on his proven track record) have been destroyed or injured.

    232. Immediately after receipt of Ms. Blackwell's letter dated April 9, 2014, and because of Ms. Blackwell's letter, members of the HOA declared to each other that "we do need to start passing out flyers to future homebuyers regarding these issues," indicating that, as a result of Ms. Blackwell's letter, they planned to slow sales within the Star Valley development.

- 4 -

233. At a public meeting held on May 4, 2013, the County Administrator stated aloud "[S]ometimes the issue of publicity and adversity to sales causes the developers and the home builders to pay a lot more attention to homeowners that are in existing developments… I would suggest that as a good course of action."

234. Defendants induced or caused the termination of at least one existing contractual relationship of one of Plaintiffs' entities.

235. Defendants were aware of the business expectancy that Plaintiffs have in selling the remaining lots at the Star Valley development.

236. Defendants' interference with Plaintiffs' current and future business expectancies was intentional.

237. Defendants have an improper motive in that their real intent was to deflect the public's attention from Mr. Cesare's questions regarding mismanagement of public funds as well as political retribution from Supervisor Bronson who perceived that Mr. Cesare supported her political rival in 2012.

238. The County was, or should have been, fully aware of the consequences of publishing its falsehoods and incitements to about 1400 homeowners.

239. As a direct result of Defendants' conduct towards Mr. Cesare as alleged herein, Lennar has threatened to terminate the partnership of USH/SVA, and to file suit against Mr. Cesare and SVA.

240. The County intended to cause, or negligently caused, such damage to Mr. Cesare and has, in fact caused damage, in an amount to be proven at trial.

241. Each and every one of these actions has interfered with Plaintiffs' existing and prospective contractual relations, causing Plaintiffs harm in an amount to be proven at trial.

First Amended Complaint (Doc. 31), pp. 35-38.

Although Plaintiffs' claim for Tortious Business Interference includes allegations of falsehoods and incitements about Cesare and that those falsehoods and incitements interfered with Cesare's relationship with Lennar and with his future business expectancies, the Court agrees with the Magistrate Judge that the gravamen of this claim is the injury to the LLC. The Court will adopt this portion of the R&R.

*Counts Six and Eight – Violation of Equal Protection*

Plaintiffs object to the Magistrate Judge's conclusion that these claims properly belong to the LLC because the acts of withholding building permits and threatening to re-plat primarily affects the LLC. Plaintiffs argue the Magistrate Judge erred in failing to recognize

- 5 -

1    that the burden is on the County to show that differential treatment has a rational basis.
2    *Engquist v. Oreg. Dept of Agric.*, 553 U.S. 591, 603 (2008) ("This differential treatment
3    raised a concern of arbitrary classification, and we therefore required that the State provide
4    a rational basis for it."). However, in *Engquist*, the review was that of a summary judgment
5    ruling, not of a ruling on a motion to dismiss. Further, as another district court summarized,
6    "to prevail on the rational basis element, the burden is on the plaintiff to negate 'any
7    reasonably conceivable state of facts that could provide a rational basis for the
8    classification.'" *Solis v. Fresno Police Dept.*, No. 1:11–CV–00053 AWI GSA, 2011 WL
9    3568889 * 8 (E.D.Cal. 8/15/11) (citations omitted).

10       Plaintiffs also argue that "injury" is not itself an element of a claim for violation of
11   equal protection. Thus, Plaintiffs argue the Magistrate Judge's statement that "Plaintiffs
12   contend that their injury is Defendants' actions [withholding of building permits and
13   threatening to re-plat]" is incorrect: Plaintiffs allege that the withholding of the building
14   permits and the threat to re-plat are the bad acts that resulted in treating Mr. Cesare
15   differently, not that they are the injury. The Court agrees with Defendants that it may bar this
16   argument as not being raised before the Magistrate Judge. *Song Ja Cha*, 597 F.3d at 1003,
17   n. 7.

18       Additionally, the Court agrees with Defendants that it is a resulting injury that
19   provides a basis for standing "only to those persons who are personally denied equal
20   treatment by the challenged discriminatory conduct." *United States v. Hays*, 515 U.S. 737,
21   743 (1995) (citation omitted); *Arakaki v. Lingle*, 477 F.3d 1048, 1060 (9th Cir. 2012);
22   *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1185 (9th Cir. 2012) (citation
23   omitted) ("The rule that a plaintiff must assert a particularized injury, rather than a
24   generalized grievance, 'applies with as much force in the equal protection context as in any
25   other.'"). The Court agrees with the Magistrate Judge that the injury alleged by Plaintiffs,
26   however it is named, primarily affects the LLC and, because the gravamen of Counts Six and
27   Eight is injury to the LLC, Plaintiffs do not have standing to bring these claims.

28

1    Plaintiffs also assert that the Magistrate Judge's analysis of derivative standing is
2 irrelevant to Counts Six and Eight because these Counts do not allege injury by devaluation
3 of stock.  The Court agrees with Defendants that the Magistrate Judge construed the
4 Amended Complaint in favor of Plaintiffs by identifying and addressing a possible theory
5 that could support an injury that would afford Plaintiffs standing.  While the Court does not
6 disagree with Plaintiffs' assertion that the discussion does not apply to Plaintiffs' claim, the
7 Court will nonetheless adopt this portion of the R&R because such a discussion is
8 appropriate in construing the Amended Complaint in favor of Plaintiffs.
9    In addition to addressing standing issues, the R&R also addresses the arguments
10 regarding whether the Amended Complaint fails to state a claim upon which relief can be
11 granted pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiffs object to the Magistrate Judge's
12 conclusion that Plaintiffs had failed to allege sufficient facts to establish an equal protection
13 violation because the County had met its burden of showing that the differential treatment
14 had rational reasons. Fed.R.Civ.P. 12(b)(6).  The Court agrees with Defendants that, in light
15 of the conclusion Plaintiffs do not have standing to bring these claims, this issue need not be
16 addressed. Nonetheless, the Magistrate Judge appropriately considered the Notice of Default
17 and Intent to Re-Plat, which included as a reason for the County's intentions that there was
18 a lack of proper assurance agreements and transfer of title of blocks 4, 7, and 8 without
19 County authorization. Although Plaintiffs argue that this is a *de minimus* basis, it nonetheless
20 provides a rational basis for the differential treatment.  Further, that same rational basis as
21 discussed by the Magistrate Judge as to the re-platting provides a rational basis for the
22 decision to withhold building permits. The Court will adopt this portion of the R&R.
23
24 *Counts Seven and Nine -- Federal and State Substantive Due Process*
25    Plaintiffs argue that the Magistrate Judge should not have dismissed Counts Seven and
26 Nine on the basis, in contravention of Arizona law, that alternative pleading is not permitted.
27 However, the Magistrate Judge did not determine that alternative pleading was not permitted.
28 Rather, the Magistrate Judge concluded that the weight of authority holds that "where the

- 7 -

1 First Amendment explicitly protects against the harm Plaintiffs allege, then the claims must
2 be brought under that specific amendment and not the more generalized notion of substantive
3 due process." R&R (Doc. 50), pp. 39-40. "[W]here a particular Amendment provides an
4 explicit textual source of constitutional protection against a particular sort of government
5 behavior," that framework is a more appropriate analysis for claims than "the more
6 generalized notion of substantive due process." *Graham v. Connor*, 490 U.S. 386, 395
7 (1989).

8 Plaintiffs also assert that Magistrate Judge failed to recognize that substantive due
9 process does protect property rights. However, this is not a fair reading of the Magistrate
10 Judge's discussion. Rather, the essence of the Magistrate Judge's discussion is that the
11 allegation of retaliation is a First Amendment violation and this more generalized claim fails
12 in light of the First Amendment claim. The Court agrees with the conclusion of the
13 Magistrate Judge as to this issue.

15 Accordingly, IT IS ORDERED:
16 1. The Report and Recommendation (Doc. 50) is ADOPTED.
17 2. The Motion to Dismiss (Doc. 38) is GRANTED IN PART AND DENIED IN
18 PART.
19 3. Counts Four, Six, Eight, Twelve, Thirteen, and Fourteen are DISMISSED for
20 lack of standing.
21 4. Count Ten is DISMISSED for lack of standing, but only as to the second and
22 third duties alleged.
23 5. Counts Six, Seven, Eight, Nine, Eleven, and Fifteen are DISMISSED for
24 failure to state a claim.
25 6. Count Ten, as to the first duty alleged, and only on a theory of common law
26 negligence, is allowed to go forward.
27 7. Counts One, Two, Three and Five are allowed to go forward.

8. This matter is referred back to Magistrate Judge Eric J. Markovich for all further pretrial proceedings and report and recommendation in accordance with the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ.P. 72.1 and 72.2.

DATED this 3rd day of March, 2016.

_____
Cindy K. Jorgenson
United States District Judge